## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE REGISTERED HOLDERS OF GS MORTGAGE SECURITIES TRUST 2019-GC42, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-GC42** <br> c/o K-Star Asset Management LLC <br> 5949 Sherry Lane, Suite 950 <br> Dallas, TX  75225 <br><br><br>         **Plaintiff,** <br><br>      v. <br><br> **HERTZ CLEVELAND NORTH POINT, LLC** <br> 15303 Ventura Boulevard, Suite 800 <br> Sherman Oaks, CA  91403 <br><br> **and** <br><br> **CRESCO, LTD.** <br> c/o Ann Marie Hawkins, Reg. Agent <br> 1267 W. 9th Street, Suite 500 <br> Cleveland, OH 44113 <br><br> **and** <br><br> **CUYAHOGA COUNTY TREASURER** <br> 2079 E. 9th Street <br> Cleveland, OH  44115 <br><br><br>         **Defendants.** | CASE NO. <br><br><br><br> **COMPLAINT FOR FORECLOSURE OF MORTGAGE** <br><br> Parcel Nos.:   102-01-009 <br>                       102-01-011 <br>                       102-01-013 |

Now comes Plaintiff Wells Fargo Bank, National Association, as Trustee, for the benefit

of the registered holders of GS Mortgage Securities Trust 2019-GC42, Commercial Mortgage

Pass-Through Certificates, Series 2019-GC42 ("Plaintiff"), by and through counsel, and for its

Complaint against the above named Defendants, states and avers as follows:

## PARTIES

1.      This is an action to foreclose a mortgage encumbering multiple parcels of real

property situated in Cuyahoga County, Ohio, to recover possession of other collateral securing

the Loans (as defined herein), and for the appointment of a receiver over the collateral real and

personal property described herein.

2.      Plaintiff, acting by and through K-Star Asset Management LLC, its special

servicer and attorney-in-fact, is the trustee of a REMIC trust.  Plaintiff is a national banking

association organized under the National Bank Act, which exists under the authority of the Office

of the Comptroller of the Currency, and which has its principal place of business in South Dakota.

Plaintiff is deemed to be a citizen of the State of South Dakota.

3.      Plaintiff is the successor-in-interest to Citi Real Estate Funding Inc. (the "Original

Lender") in connection with the loan at issue in this action, as hereinafter defined.

4.      Upon information and belief, Defendant Hertz Cleveland North Point, LLC

("Borrower") is a Delaware limited liability company authorized to do business in the State of

Ohio, with its principal place of business at 15303 Ventura Boulevard, Suite 800, Sherman Oaks,

CA. Upon further information and belief, none of the members of the Borrower are citizens of

the State of South Dakota.

5.      Upon information and belief, Defendant Cresco Ltd ("Cresco") is an Ohio limited

liability company. Upon further information and belief, none of the members of Cresco are

citizens of the State of Ohio.

6.      Defendant Cuyahoga County Treasurer ("Treasurer") is a citizen of the State of Ohio.

**Facts Common To All Counts**

7.      On or about August 9, 2019, Original Lender made a loan to Borrower in the original principal amount of $90,500,000.00, as more fully evidenced by that certain Loan Agreement (the "Loan Agreement") between Original Lender and Borrower. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit "A"**.

8.      Consistent with the Loan Agreement, the Loan was further evidenced by the following promissory notes of even date therewith: that certain Promissory Note A-1 in the amount of $40,500,000.00 (the "A-1 Note"); that certain Promissory Note A-2 in the amount of $30,000,000.00 (the "A-2 Note"); and that certain Promissory Note A-3 in the amount of $20,000,000.00 (the "A-3 Note"). True and correct copies of the A-1 Note, the A-2 Note and the A-3 Note are attached hereto and made a part hereof as **Exhibits "B", "C" and "D"**, respectively.

9.      The A-2 Note was subsequently split pursuant to that certain Note Splitter and Loan Agreement Modification Agreement (the "Note Splitter and Modification") dated as of September 13, 2019 by and between Borrower and Original Lender. A true and correct copy of the Note Splitter and Modification is attached hereto and made a part hereof as **Exhibit "E"**.  The Note Splitter and Modification split the A-2 Note into: (i) a certain Promissory Note A-2-1 in the original principal amount of $25,000,000.00 (the "A-2-1 Note"), and (ii) a certain Promissory Note A-2-2 in the original principal amount of $5,000,000.00 (the "A-2-2 Note").  True and correct copies of the A-2-1 Note and A-2-2 Note are attached hereto as **Exhibits "F" and "G"**, respectively.

3

10.     The A-1 Note, A-2-1 Note, A-2-2 Note and A-3 Note are collectively referred to herein as the "Notes," and the loans evidenced by the Notes are collectively referred to as the "Loans."

11.     To secure payment of the sums due under the Notes, Borrower executed and delivered to Original Lender that certain Fee and Leasehold Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated August 9, 2019, and recorded with the Cuyahoga County Office of Fiscal Officer on August 9, 2019 as Instrument No. 201908090581 (the "Mortgage").  A true and correct copy of the Mortgage is attached hereto and made a part hereof as **Exhibit "H"**.

12.     The Mortgage granted a security interest in real property consisting of Cuyahoga County Parcel Nos. 102-01-009, 102-01-011 and 102-01-013, which are more fully described in the legal description attached to the Mortgage (collectively, the "Mortgaged Premises").

13.     To further secure payment of the sums due under the Notes, Borrower executed that certain Assignment of Leases and Rents (the "ALR") in favor of Original Lender, dated August 9, 2019, and recorded with the Cuyahoga County Office of Fiscal Officer on August 9, 2019 as Instrument No. 201908090582. A true and correct copy of the ALR is attached hereto and made a part hereof as **Exhibit "I"**.

14.     To further secure payment of the sums due under the Notes, Borrower executed that certain Cash Management Agreement (the "CMA") in favor of Original Lender, dated August 9, 2019.  A true and correct copy of the CMA is attached hereto and made a part hereof as **Exhibit "J"**.

15.     To further secure payment of the sums due under the Notes, Borrower, Original Lender and KeyBank National Association executed that certain Deposit Account Control

Agreement (the "<u>DACA</u>") dated August 9, 2019. A true and correct copy of the DACA is attached

hereto and made a part hereof as **<u>Exhibit "K"</u>**.

16.      To further secure payment of the sums due under the Notes, Borrower, Original

Lender and Hertz Management Group, LLC executed that certain Conditional Assignment of

Management Agreement (the "<u>Conditional Assignment of Management Agreement</u>") dated

August 9, 2019. A true and correct copy of the Conditional Assignment of Management

Agreement is attached hereto and made a part hereof as **<u>Exhibit "L"</u>**.

17.      To further secure payment of the sums due under the Notes, Borrower, Original

Lender and Hertz Group Realty Operating Partnership, LP executed that certain Environmental

Indemnity Agreement (the "<u>Environmental Indemnity</u>") dated August 9, 2019. A true and correct

copy of the Environmental Indemnity is attached hereto and made a part hereof as **<u>Exhibit "M"</u>**.

18.      To further secure payment of the sums due under the Notes, Borrower provided

Original Lender with a security interest in, *inter alia*, all personal property of the Borrower,

together with other items and things more fully identified in that certain UCC Financing Statement

(the "<u>UCC-1</u>") naming Borrower as Debtor and Original Lender as Secured Party, filed with the

Delaware Department of State on August 9, 2019 at File No. 2019 5548685. A true and correct

copy of the UCC-1 is attached hereto and made a part hereof as **<u>Exhibit "N"</u>**.

19.      The Mortgaged Premises, together with any and all other rights, interests, and

collateral pledged as security under the Notes, Mortgage, ALR, CMA, DACA, Conditional

Assignment of Management Agreement, Environmental Indemnity and UCC-1, and all other

documents evidencing the Loan are collectively referred to as the "<u>Mortgaged Property</u>".

20.      The Loans and all related loan documents were subsequently assigned from

Original Lender to Plaintiff pursuant a certain General Assignment (the "<u>General Assignment</u>")

dated September 27, 2019, and related Allonges to each of the Notes as available (collectively, the "Allonges") of even date therewith.  True and correct copies of the General Assignment and Allonges are collectively attached hereto as **Exhibit "O"**.

21.     The Mortgage was assigned to Plaintiff pursuant to that certain Assignment of Fee and Leasehold Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage Assignment"), dated September 27, 2019, and recorded with the Cuyahoga County Office of Fiscal Officer on November 25, 2019 as Instrument No. 201911250357. A true and correct copy of the Mortgage Assignment is attached hereto and made a part hereof as **Exhibit "P"**.

22.     The ALR was assigned to Plaintiff pursuant to that certain Assignment of Assignment of Leases and Rents (the "ALR Assignment"), dated September 27, 2019, and recorded with the Cuyahoga County Office of Fiscal Officer on November 25, 2019 as Instrument No. 201911250358 . A true and correct copy of the ALR Assignment is attached hereto and made a part hereof as **Exhibit "Q"**.

23.     The UCC-1 was assigned to Plaintiff by that certain UCC Financing Statement Amendment (the "UCC Assignment") filed with the Delaware Department of State on November 26, 2019 at File No. 2019 8383551.  A true and correct copy of the UCC Assignment is attached hereto and made a part hereof as **Exhibit "R"**.

24.     The Notes, Loan Agreement, Mortgage, ALR, CMA, DACA, Conditional Assignment of Management Agreement, Environmental Indemnity, UCC-1, General Assignment, Allonges, Mortgage Assignment, ALR Assignment and UCC Assignment, together with any and all other documents evidencing and securing the Loans are hereinafter collectively referred to as the "Loan Documents."

## COUNT ONE
### (*In Rem* Action to Establish Amounts Due Under the Notes)

25.     Plaintiff incorporates the statements and allegations contained above as if fully rewritten herein.

26.     Plaintiff is the holder of and is entitled to enforce the Notes by virtue of the General Assignment and Allonges attached thereto, and because it has physical possession of the original Notes.

27.     Pursuant to their terms, each of the Notes matured on September 6, 2024, at which time the entire outstanding balances became due and payable in full.

28.     Borrower is in default of its obligations under the Notes and other Loan Documents for, *inter alia*, failing to satisfy the Notes on their Maturity Date.

29.     To date, despite multiple demands by Plaintiff, the Notes remain unpaid, due and owing to Plaintiff.

30.     As of September 6, 2024, Plaintiff is owed $40,500,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances, under the A-1 Note.

31.     As of September 6, 2024, Plaintiff is owed $25,000,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances under the A-2-1 Note.

32.     As of September 6, 2024, Plaintiff is owed $5,000,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances under the A-2-2 Note.

33.     As of September 6, 2024, Plaintiff is owed $20,000,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances under the A-3 Note.

## COUNT TWO
### (Foreclosure)

34.     Plaintiff incorporates the statements and allegations contained above as if fully rewritten herein.

35.     Plaintiff is the holder of and is entitled to enforce the Mortgage, ALR and UCC-1, which were assigned to Plaintiff pursuant to the Mortgage Assignment, ALR Assignment, UCC Assignment and other assignment documents set forth herein.

36.     The Mortgage, ALR and UCC-1 granted Plaintiff a security interest in the Mortgaged Premises and the other collateral described therein to secure repayment of any and all amounts due under the Loans.

37.     Upon information and belief, the Mortgage is the first and best lien on the Mortgaged Premises, subject only to the lien of the Cuyahoga County Treasurer for unpaid real estate taxes and assessments due on the Mortgaged Premises.

38.     As set forth above, Borrower is in default of its obligations under the Notes and related Loan Documents, which obligations are secured by, among other things, the Mortgage, ALR and UCC-1.

39.     As a consequence of said defaults, the conditions of defeasance contained in the Mortgage have been broken, and Plaintiff is entitled to have the Mortgage foreclosed, and the Mortgaged Premises sold and the proceeds therefrom applied in payment of the sums due under the Loans.

40.     Plaintiff also has a security interest in all rents and profits derived from the Mortgaged Premises pursuant to the ALR.

41.     Pursuant to the UCC-1 (and the assignments thereof to Plaintiff), Plaintiff is also entitled to an immediate order of possession with respect to the fixtures and other personal property collateral described in the UCC-1, or, in the alternative, to have such collateral sold as part of the Mortgaged Property.

42.     All conditions precedent to Plaintiff's right to enforce the Mortgage, ALR UCC-1 and other Loan Documents, if any, have occurred or have been waived.

43.     Plaintiff anticipates that additional disbursements will be made for any unpaid tax assessments, attorneys' fees and costs of foreclosure as provided for by law.  In accordance with the provisions of the Loan Documents, Plaintiff seeks reasonable attorneys' fees together with court costs and other charges allowable.

44.     Borrower is a party herein because it is the record owner of the Mortgaged Premises and other Mortgaged Property, and an obligor and mortgagor under the Loan Documents, and to extinguish any interest that it has or may have in and to the Mortgaged Property.

45.     Any interest or lien which Borrower herein has, or may claim to have, in or upon the Mortgaged Premises or other Mortgaged Property, or any part thereof, is subject and subordinate to Plaintiff's liens by virtue of the Mortgage, ALR and UCC-1 described herein.

46.     The Cuyahoga County Treasurer may claim an interest in the Mortgaged Premises by virtue of a lien for any unpaid real estate taxes, assessments and penalties due on the Mortgaged Premises.

47.     Defendant Cresco, Ltd. may claim an interest in all or a portion of the Mortgaged Premises by virtue of a Broker Lien against the Borrower recorded with the Cuyahoga County Office of Fiscal Officer on September 17, 2024 as Instrument No. 202409170303.

48.     All other defendants must come forward and assert their interest in the Mortgaged Premises or be forever barred from asserting the same.

**COUNT THREE**
**(Appointment of a Receiver)**

49.     Plaintiff incorporates the statements and allegations contained above as if fully rewritten herein.

50.     Pursuant to the Loan Documents, as a result of Borrower's defaults as set forth herein, Plaintiff is entitled to the appointment of a receiver to take possession of all or any part of the Mortgaged Property, including, but not limited to, the Mortgaged Premises, with the full power to hold, develop, rent, lease, manage, maintain, operate and otherwise use or permit the use of the Mortgaged Property upon such terms and conditions as said receiver may deem to be prudent and reasonable under the circumstances.

51.     A receiver is necessary to avoid unnecessary waste, diminution or destruction of the Mortgaged Property and its improvements.

WHEREFORE, Plaintiff hereby demands judgment in its favor as follows:

A.     On Count One, judgment in its favor fixing the amount due under the Notes as follows:

1)     Under Note A-1, $40,500,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances;

2)      Under Note A-2-1, $25,000,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances;

3)      Under Note A-2-2, $5,000,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances;

4)      Under Note A-3, $20,000,000.00 in principal, together with interest, default interest, costs and fees including, but not limited to, attorneys' fees and other property protection advances;

B.      On Count Two, judgment in its favor as follows:

1)      Judgment finding that the Mortgage is a valid lien on the Mortgaged Premises; that the Mortgage be foreclosed; that an Order be issued to to appraise, advertise and sell the Mortgaged Premises as upon execution; that all Defendants herein be required to assert and establish their interest, if any, in and to the Mortgaged Premises or be forever barred from claiming any interest therein; that the Mortgaged Premises be sold free and clear of all liens, claims and interests, with said liens, claims and interests attaching to the proceeds of the sale of the Mortgaged Premises in accordance with their relative priority; and that Plaintiff be paid out of the proceeds of such sale in accordance with the priority of its interests herein; and

2)      Judgment finding that the Mortgage and ALR are valid liens on all rents and profits derived from the Mortgaged Premises, and that such rents and profits be assigned and paid to Plaintiff and applied to the outstanding balance of the obligations described herein;

11

C.      On Count Three, the entry of an order appointing a receiver to operate and manage the Mortgaged Property during the pendency of this action, and authorizing said receiver to make and conduct a public or private sale of the Mortgaged Property in accordance with Chapter 2735 of the Ohio Revised Code and/or 28 U.S.C. § 2001;

D.      For all costs and expenses, including attorneys' fees, incurred by Plaintiff in pursuing this action; and

E.      For such other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Branson D. Dunlop*
Branson D. Dunlop (0090035)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel:  (513) 977-8340
Fax:  (513) 977-8141
Email:  branson.dunlop@dinsmore.com
*Attorneys for Plaintiff*